UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| JOEL YARED and NARISA YARED,<br><br>    Plaintiffs,<br> v.<br>AMERICA'S SERVICING COMPANY, et al.,<br><br>    Defendants.<br>_____/ | No. C 10-2742 MEJ<br><br>**ORDER FOR CLERK OF COURT TO REASSIGN CASE**<br><br>**REPORT & RECOMMENDATION** |

  On June 23, 2010, Plaintiffs Joel and Narisa Yared filed the above-captioned case. (Dkt. #1.) On August 6, 2010, Defendants filed a Motion to Dismiss, with a noticed hearing date of September 16, 2010. (Dkt. #5.) Pursuant to Civil Local Rule 7, any opposition to Defendant's motion was due by August 26, 2010. Plaintiff failed to file any opposition. Further, on August 9, 2010, the Court ordered the parties to either consent or decline magistrate jurisdiction by August 26, 2010. (Dkt. #8.) Plaintiff failed to comply with this deadline as well. Based on Plaintiff's inaction, the Court vacated the motion to dismiss hearing date and ordered Plaintiff to show cause why this case should not be dismissed for failure to prosecute and comply with court deadlines. The Court ordered Plaintiff to file a declaration by September 16, 2010, and scheduled an order to show cause hearing on September 30, 2010. (Dkt. #9.)

  On September 30, 2010, the Court held an order to show cause hearing. Plaintiff made no appearance at the hearing and failed to file a declaration. Based on this procedural history, the Court finds it appropriate to dismiss this case pursuant to Federal Rule of Civil Procedure 41(b). Under Rule 41(b), failure to comply with a court order can warrant dismissal. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). In "determining whether to dismiss a case for failure to comply

with a court order, the district court must weigh five factors including '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" *Id.* at 1260-61 (quoting *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986)).  Here, Plaintiffs have failed to file an opposition to Defendant's pending motion to dismiss, failed to comply with Court orders and deadlines, failed to respond to the order to show cause, failed to make an appearance at the osc hearing, and has made no appearance in this matter since filing the complaint.  Thus, the Court finds that the *Ferdik* factors weigh in favor of dismissal.

Accordingly, because Plaintiffs have yet to consent to the undersigned's jurisdiction, the Court hereby ORDERS the Clerk of Court to reassign this case to a district court judge.  The undersigned RECOMMENDS that the newly-assigned judge dismiss this case for failure to prosecute and failure to comply with the Court's deadlines and orders.

Pursuant to Federal Rule of Civil Procedure 72, any party may serve and file objections to this Report and Recommendation within 14 days after being served.

**IT IS SO ORDERED AND RECOMMENDED.**

Dated: September 30, 2010

_____
Maria-Elena James
Chief United States Magistrate Judge

2